IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RANDALL KENNETH GIBSON,

        Petitioner,

v.

WARDEN J.E. THOMAS,

        Respondent.

Civil No. 10-81-BR

OPINION AND ORDER

ALISON M. CLARK
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

DWIGHT C. HOLTON
United States Attorney
SUZANNE A. BRATIS
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR  97204

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On February 16, 2008, Petitioner's wife and two children visited Petitioner at FCI Sheridan. Shortly after Ms. Gibson entered the facility, the front lobby officer found a white balloon containing tobacco on the floor next to the x-ray machine. Another balloon containing tobacco was found on the floor in the visitors' area.

On February 20, 2008, Special Investigative Services ("SIS") Technician G. Martin completed a written report of the incident. SIS Martin reviewed video footage and noted "[a] review of the Vicon camera system showed the area was clear prior to [Ms. Gibson] being instructed to place her items in the x-ray." Resp. Exh. 1, Att. 1, p. 1. The report goes on to state "While presenting her items the balloon fell on the floor. [Ms. Gibson] did not notice and went into visit. An additional balloon similar to the first one was found on the floor in the visiting room." Id.

The report went on to describe how visitors often smuggle contraband into the prison by packaging items in a balloon and passing them to inmates during a kiss. Following the February 16,

2 - OPINION AND ORDER -

2008, visit, Petitioner telephoned his wife. SIS Martin characterized the telephone conversation as follows: "During the call [Petitioner] apologized to [Ms. Gibson] for getting mad at her for not giving him his kiss. (To pass the balloons.) [Ms. Gibson] responded she was irritated (for losing the tobacco)." *Id.*

SIS Martin's report cited Petitioner with a charge of violating BOP disciplinary code section 199 -- conduct which disrupts or interferes with the security or orderly running of the institution (most like code section 108 -- introduction of hazardous contraband). Petitioner received a copy of the report on February 20, 2008.

On March 14, 2008, Petitioner appeared at a disciplinary hearing before Disciplinary Hearings Officer ("DHO") Cortez. Petitioner appeared at the hearing with a staff representative, Unit Manager J. Wait. Petitioner testified in his own defense:

> We would never do that. I don't drink or smoke. My kids are very important to me, and I got moved here so I would be close to them to visit. I wouldn't do anything to jeopardize seeing them. My cellie was irritating me and my meds make me irritated. When I got into the visiting room I hugged and kissed the kids, my wife didn't stand to kiss me because she has tendinitis in her neck. There is no money trail. If I were selling this, there would be money. The day this happened I only had two dollars in my account and I have no need to do this.

Case 3:10-cv-00081-BR   Document 26   Filed 12/28/10   Page 4 of 7

Resp. Exh. 1, Att. 3, p. 2. Staff Representative Wait stated: "[Petitioner] is not a problematic inmate. He has remained incident report free." Resp. Exh. 1, Att. 3, p. 1.

DHO Cortez also considered SIS Martin's report, memoranda about the incident prepared by Senior Officer P. Lake and Lieutenant J. Miller, surveillance camera records, Petitioner's telephone records, and statements made by Petitioner to investigating officers and the Unit Disciplinary Committee. DHO Cortez found the greater weight of the evidence supported a finding that Ms. Gibson dropped a balloon containing tobacco in the front lobby of FCI Sheridan. As such, he found Petitioner violated BOP disciplinary code section 399 - conduct which disrupts or interferes with the security or orderly running of a BOP facility (most like code section 331 - possession, manufacture, or introduction of non-hazardous tool, or other non-hazardous contraband).

The DHO sanctioned Petitioner with 20 days disallowance of good conduct time, 14 days of disciplinary segregation, and an additional 15 days of disciplinary segregation suspended pending 180 days of clear conduct. Petitioner also lost six months of visiting privileges to run concurrently with six months of restricted visiting privileges with only immediate family.

Petitioner appealed the DHO finding and exhausted his administrative remedies. Petitioner also pursued an investigation

4 - OPINION AND ORDER -

of his case through a Freedom of Information Act request for the photographs taken from the video recording relied upon by the DHO. The request was denied because inmates are not permitted to review video evidence if doing so could be detrimental to the safe and orderly running of the institution, and access to the photographic evidence in this matter would divulge the direction and angle of the security cameras.

On January 26, 2010, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In it, he alleges his due process rights were violated because there is insufficient evidence to support the DHO's decision.

## DISCUSSION

Habeas corpus jurisdiction is available under § 2241 for a prisoner's claim that he has been denied good conduct credits without due process of law. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). Under *Wolff v. McDonnell*, 418 U.S. 539 (1974), an inmate facing administrative disciplinary charges is entitled, at a minimum, to the following protections: (1) to receive written notice of the charges no less than 24 hours before the disciplinary hearing; (2) to present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals; and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-69.

5 - OPINION AND ORDER -

Due process further requires that "some evidence" support a disciplinary hearing decision. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The Court explained the "some evidence" standard as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* In order for a litigant to prevail on a claim of insufficient evidence in a disciplinary hearing context, he must show that the record in his case is "so devoid of evidence that the findings of the ... board were without support or otherwise arbitrary." *Id.* at 457.

Here, a review of the record reveals that DHO Cortez had direct and circumstantial evidence before him with indicia of reliability and which supported his decision. That evidence included the incident report, the supporting documentation, and the video records.

Petitioner states the video record does not show Ms. Gibson dropping the balloon, and that there are equally plausible explanations for the appearance of the balloon on the floor that do not involve misconduct by Ms. Gibson. Although the Court cannot ascertain whether Petitioner's statement is true as neither party submitted the video as part the record before this Court,

6 - OPINION AND ORDER -

Petitioner has not established that the record in his case is so devoid of evidence that DHO Cortez's decision was without support or otherwise arbitrary. As such, Petitioner's due process rights were not violated and he is not entitled to habeas corpus relief.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 28th day of December, 2010.

_____
ANNA J. BROWN
United States District Judge